# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | 3-CR-17-343 |
| LIZA ROBLES, *et al.*, : | (JUDGE MANNION) |
| Defendants : | |

## MEMORANDUM

Before the court is the pre-trial motion for early disclosure of Jencks Act material filed by defendant Liza Robles. Robles and her co-defendants, Roberto Torner and David Alzugaray-Lugones, face trial together on various charges, including conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §846. Even though the government has not yet filed its brief in opposition to Robles' motion, as set forth below, since the law is clear that the court lacks authority to grant defendant the relief she seeks, the court will **DENY** the motion.

## I.  BACKGROUND

By way of relevant background, on November 7, 2017, defendant Robles was indicted with the two stated co-defendants and charged by a grand jury in an Indictment. (Doc. 18). Defendant Robles was charged with conspiracy to distribute and possession with intent to distribute heroin, in violation of 21 U.S.C. §846, distribute and possess with intent to distribute

1

heroin, in violation of 21 U.S.C. §841(a)(1), conspiracy to commit the offense of felon in possession of a firearm, in violation of 21 U.S.C. §371, and transfer of firearms and ammunition to a prohibited person, namely, Torner, in violation of 21 U.S.C. §922(d)(1).

On January 30, 2018, defendant Robles was charged with the stated four offenses in a Superseding Indictment. (Doc. 61).

On February 6, 2018, defendant was arraigned and pled not guilty to all of the charges in the Superseding Indictment. (Doc. 68).

On June 14, 2018, defendant Robles filed four pre-trial motions, including her instant motion for early disclosure of Jencks Act material. (Doc. 118). Robles simultaneously filed her brief in support of her motion. (Doc. 119). To date, the government has not filed its brief in opposition to Robles' motion and the time within which its brief is due has not yet expired.

The trial in this case is scheduled for September 25, 2018. (Doc. 104).

The court will now address defendant Robles' motion for early disclosure of Jencks Act material.

## II. DISCUSSION

Defendant Robles moves for early disclosure of Jencks material and she requests that the court order the government to provide her with such material two weeks prior to the trial.

In U.S. v. Yawson, 2014 WL 3401663, *3, (W.D.Pa. July 10, 2014), the

court explained the Jencks Act:

> The Jencks Act provides that after a government witness testifies, and upon motion by the defendant, the government must produce "any statement ... of the witness in the possession of the United States which relates to the subject mater as to which the witness has testified." 18 U.S.C. §3500(b); United States v. Weaver, 267 F.3d 231, 245 (3d Cir. 2001). The purpose of Jencks disclosure "is to provide the defendant with an opportunity to review the witness's statements for any possible inconsistencies that he might use to impeach the witness." United States v. Maury, 695 F.3d 227, 248 (3d Cir. 2012).
>
> Pursuant to 18 U.S.C. §3500(a), "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." Accordingly, "the government has no obligation to produce Jencks material until the witness has testified." Maury, 695 F.3d at 248.

Thus, "there is no authority by which th[e] court can compel the government to provide Jencks Act statements prior to the time any government witness has testified on direct examination at trial." Id.; *see also* U.S. v. Grier, 2012 WL 5614087, *5 (W.D.Pa. Nov. 15, 2012) ("The plain language of the Jencks Act, 18 U.S.C. §3500, the overwhelming precedent ..., and our court of appeals well-settled position on the matter makes clear that the Court cannot mandate disclosure prior to the day on which the witness testifies at trial."); United States v. Bangaroo, 2017 WL 3495702, *17-*18 (M.D.Pa. Aug. 15, 2017) (court held that "the case law makes clear that Defendant's request to supply the [Jencks] material [prior to trial] are

3

premature, and cannot be granted."); United States v. Taylor, 2018 WL 1960669, *5 (M.D.Pa. April 26, 2018) (this court recently denied defendants' requests for early disclosure of Jencks material since the court has no authority to compel the government to disclose such material before the Act provides).

Defendant Robles broadly contends, without specific support, that "[s]trict application of the Jencks Act violates the following constitutional guarantees": the right to cross-exam and confront the government's witnesses; the right to secure defense witnesses for trial; the right to effective assistance of counsel; and the right to a fair trial. Defendant argues that Jencks material must be provided by the government at least two weeks before the trial in order to give her sufficient time to review the material and to give her a fair trial.

The court in United States v. Johnson, 218 F.Supp.3d 454, 459 n. 3 (W.D.Pa. 2016), noted that with respect to "the government's disclosure of information that falls solely under the Jencks Act", "[i]t is well-settled that the plain language of the Jencks Act precludes a court from compelling the disclosure of Jencks Act material prior to the completion of a government witness' testimony on direct examination." (citing United States v. Hill, 976 F.2d 132, 140 (3d Cir. 1992); United States v. Murphy, 569 F.2d 771, 773 (3d. Cir.), *cert. denied*, 435 U.S. 955, 98 S.Ct. 1588 (1978)). The court also noted,

4

*id.*, that "[a]lthough courts lack the authority to order the early disclosure of Jencks material, the Third Circuit nevertheless has endorsed and encouraged the government's prevailing practice of committing to disclose Jencks material prior to trial." (citing Murphy, 569 F.2d at 773; Hill, 976 F.2d at 140). This court also always encourages the government, in its discretion, to provide the defendants with early Jencks material, and does so again here.

## III.  CONCLUSION

Based on the foregoing, the court will **DENY** defendant Robles' request for early disclosure of Jencks material. The court will only direct the government to disclose all Jencks material at the appropriate time in accordance with the Act. An appropriate order will issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: July 2, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CRIMINAL MEMORANDA\2017 CRIMINAL MEMORANDA\17-343-02.wpd

5