# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES** | **:** | |
| | **:** | **CRIMINAL NO. 3:17-343** |
| **v.** | **:** | **(JUDGE MANNION)** |
| **LIZA ROBLES,** | **:** | |
| **Defendant** | **:** | |

## <u>MEMORANDUM</u>

## I.   <u>Background</u>[1]

On May 6, 2020, defendant Liza Robles, an inmate serving her 36-month federal sentence imposed by this court at the Federal Detention Center in Philadelphia, ("FDC-Philadelphia"), Pennsylvania, filed an

---

[1] On October 31, 2019, Robles was found guilty by a jury of conspiracy to distribute or possession with intent to distribute heroin, 21 U.S.C. §846, of distributing or possessing with intent to distribute heroin, 21 U.S.C. §841(a)(1), firearm conspiracy, 18 U.S.C. §371, and transfer to a firearm to a prohibited person, 18 U.S.C. §922(d)(1). On July 23, 2019, this court sentenced her to 36 months of imprisonment on each count to run concurrently, followed by 3-years supervised release. (Doc. 293). The court then committed Robles to the custody of the BOP on August 16, 2019.

Robles currently has an appeal of her judgment of conviction pending with the Third Circuit.

Also, since the court stated the background of this case regarding the charges filed against Robles in its July 24, 2018 Memorandum, (Doc. 155), it does not repeat it herein.

Emergency Motion for Immediate Compassionate Release to Home Confinement, pursuant to 18 U.S.C. §3582(c)(1)(A), based on COVID-19. (Doc. 338).[2] Robles states that she was previously confined in a different federal prison, but does state which one, and that on or about April 3, 2020, she was transferred to FDC-Philadelphia since there were several cases of the COVID-19 virus among staff and inmates at the other prison. Robles does not allege that there are presently any cases of the COVID-19 virus at FDC-Philadelphia. However, she alleges that she has hypertension and she claims that this condition will make her more susceptible to complications if she does contract the virus. Robles also contends that she is currently confined in close quarters with the other inmates and required to share community phones and computers, and that the CDC's recommendations to avoid the virus, such as social distancing and proper hygiene as well as sanitary measures, are neither possible nor practiced at the prison. As such, Robles requests the court to immediately release her to home confinement to care for family members, including her four minor children and her 70-year old mother. Although Robles does not appear to complain about the

---

[2]Since Robles is proceeding *pro se*, the court liberally construes her motion as also seeking relief pursuant to the Coronavirus Aid, Relief, and Economic Security Act, ("CARES Act"), §12003(b)(2), in addition to one as a motion compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A).

conditions of confinement at FDC-Philadelphia, she seems to allege that the BOP is not taking adequate measures to protect inmates from the COVID-19 virus. Robles also states that she is a non-violent offender who has served 8 months in prison and that if she is release to home confinement she will return to her house located in Luzerne County, Pennsylvania.

Robles states that she submitted a request to FDC-Philadelphia Warden Sean Marler on April 15, 2020 seeking compassionate release due to the COVID-19 virus and her request was denied on April 23, 2020. She attaches to her motion copies of her request and the warden's response denying it.[3] (Doc. 338 at 14-16). As such, Robles contends that it would be futile to require her to exhaust her BOP administrative remedies regarding her motion for compassionate release and that the administrative process is inadequate to grant her relief. She also appears to allege that requiring her to exhaust her remedies would cause her undue prejudice since the process takes months to complete and since this delay would cause her harm because she may contract the COVID-19 virus while waiting to complete it.

---

[3]In his response, Marler states that "[t]he BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affecting inmates" and that Robles's "concern about being potentially exposed to, or possibly contracting, [the virus] does not currently warrant an early release from [her] sentence." Marler also advised Robles that if she was not satisfied with his response, she could "commence an appeal of [it] via the [BOP] administrative process …."

Thus, Robles requests the court to immediately order her released from FDC-Philadelphia to home confinement to serve the remainder of her sentence due to the current COVID-19 pandemic stating that this will minimize her risk of contracting the virus.

Robles also includes a letter motion to the court seeking the appointment of counsel to pursue her instant motion. (Doc. 338 at 17).

For the reasons set forth below, the court will construe Robles's motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, and it will transfer her case to the Eastern District of Pennsylvania, where jurisdiction properly arises.[4]

---

[4]"There is a judicially created exhaustion requirement for habeas petitions brought under 28 U.S.C. §2241." Furando v. Ortiz, 2020 WL 1922357, *3 (D.N.J. April 21, 2020) (citing Callwood v. Enos, 230 F.3d 627, 633-34 (3d Cir. 2000)). Even though it appears that Robles has not exhausted all of her administrative remedies available with the BOP regarding her habeas petition, the court will leave it up to the District Court that has jurisdiction over her petition to decide whether it should be dismissed without prejudice. *See* Furando, *supra* (court dismissed without prejudice the habeas petition of inmate serving his federal sentence at FCI-Fort Dix who sought immediate release to home confinement under the CARES Act, based on the COVID-19 virus, due to his failure to exhaust his BOP administrative remedies available under 28 C.F.R. §§542.10 to 542.19.).

To date, the government has not responded to Robles's motion.[5] To the extent that Robles's motion is one seeking the court to reduce her sentence of imprisonment under 18 U.S.C. §3582(c)(1)(A) and order her immediate release, based on the threat posed by the COVID-19 pandemic, the court will dismiss the motion without prejudice for lack of jurisdiction. Further, to the extent Robles's motion is under the CARES Act, it will be dismissed since the court lacks authority to direct the BOP to release her to home confinement under this Act.

## II.   **Discussion**

No doubt that a habeas petition under §2241 is the proper vehicle for an inmate to challenge "the fact or length of confinement", Presser v. Rodriguez, 411 U.S. 475, 494 (1973), or the "execution" of her confinement. Woodall v. Fed. BOP, 432 F.3d 235, 241-42 (3d Cir. 2005). Further, the court must look to the remedy requested by the inmate to determine if she is seeking relief available in a habeas petition. "When a petitioner seeks

---

[5]Even though the government has not yet responded to Robles's motion, in light of the alleged emergency nature of the request, the court will transfer it to the proper court to the extent it is a §2241 habeas petition. Also, insofar as Robles's motion is one for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A), the court can act *sua sponte* to dismiss it based on lack of jurisdiction.

immediate release from custody, the 'sole federal remedy' lies in habeas corpus." <u>Camacho Lopez v. Lowe</u>, 2020 WL 1689874, *8 (M.D.Pa. April 7, 2020) (citing <u>Presser</u>, 411 U.S. at 500).

In <u>Camacho Lopez</u>, the petitioner was an ICE detainee subject to a final removal order whose removal was set for March 30, 2020, but delayed due to his COVID-19 diagnosis. The petitioner filed a §2241 habeas petition seeking immediate release from confinement based on "the threat posed by the COVID-19 viral pandemic." The respondent argued that Camacho Lopez's petition should be construed as a civil rights action under 42 U.S.C. §1983. The court found that "the extraordinary conditions of confinement" "where the petitioner tested positive for and had been hospitalized by a potentially deadly pandemic virus and claims that officials cannot properly treat him---constitute the extreme case in which habeas relief might be available." *Id.* at 13. The court then concluded that based on the case's unique circumstances, "both the claim brought and the remedy sought are cognizable in habeas corpus." *Id.* The court found, however, that Camacho Lopez's continued detention in prison was proper and dismissed his habeas petition. *See also* <u>Verma v. Doll</u>, Civil No. 4:20-14, (M.D.Pa. April 9, 2020) (court found petitioner, an ICE detainee, "plainly seeks a habeas remedy" where he requested immediate release from custody based on alleged

"constitutionally deficient conditions of confinement that threaten his life and health" in light of the COVID-19 pandemic); Saillant v. Hoover, 2020 WL 1891854, *3 (M.D.Pa. April 16, 2020) (the court agreed with the conclusions of the courts in Verma and Camacho Lopez "finding that a claim based on the COVID-19 pandemic [ ] is exactly the sort of 'extreme case' contemplated in [Ali v. Gibson, 572 F.2d 971 (3d Cir. 1978)]" "in which a petitioner may challenge the conditions of his confinement through a petition for writ of habeas corpus.").

In the present case, as in Camacho Lopez, although Robles is not an ICE detainee awaiting her removal, she similarly seeks immediate release from BOP custody at FDC-Philadelphia due to the COVID-19 virus, which "is unequivocally a habeas remedy." *Id.* (citation omitted). *See also* United States v. Serfass, 2020 WL 1874126, *2 (M.D.Pa. April 15, 2020) (citation omitted). As the court in Camacho Lopez explained, *id.* at 11 the term "execution" of a petitioner's sentence is broadly defined by the Third Circuit "to include such matters as administration of parole, sentence computation, prison disciplinary proceedings, prison transfers, and even 'conditions' generally." (citing Woodall, 432 F.3d at 241-44).

In her motion, Robles clearly seeks relief that affects the execution of her 36-month prison sentence since she requests the court alter its terms

which ordered her into BOP custody to serve her sentence and to immediately release her to home confinement. *See* Serfass, *supra*. Robles does not challenge the conditions of her confinement at FDC-Philadelphia and seek damages, and thus her filing is not a civil rights action. *See* Parmeley v. Trump, 2020 WL 1987366, *2 (S.D.Ill. April 27, 2020) (court held that proposed class action civil rights complaint filed by inmates incarcerated in federal prison and in BOP custody who sought release from prison due to the COVID-19 virus was not a remedy that was available under Section 1983 or Bivens, and that "[a] petition for a writ of habeas corpus is the proper route if a prisoner is seeking 'what can fairly be described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation.'") (citation omitted). S*ee also* Simmons v. Warden, FCI-Ashland, 2020 WL 1905289 (E.D.Ky. April 17, 2020).

As noted, the court also liberally construes Robles as claiming that due to the threat that she may contract the COVID-19 virus at FDC-Philadelphia she qualifies to be immediately released to home confinement based on the CARES Act and pursuant to the FSA, 18 U.S.C. §3582(c)(1)(A). "As amended by the First Step Act, 18 U.S.C. §3582(c)(1)(A) authorizes courts to modify a criminal defendant's sentence for 'extraordinary and compelling

reasons' 'upon motion of the Director of the Bureau of Prisons' or 'upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" United States v. Feiling, 2020 WL 1821457, *4 (E.D.Va. April 10, 2020). As stated even though Robles has requested compassionate release at FDC-Philadelphia and the warden denied it on April 23, 2020, Robles's motion for compassionate release must be dismissed for lack of jurisdiction since she has not exhausted her administrative remedies under §3582(c)(1)(A), "which requires that a defendant seeking compassionate release present [her] application to the BOP and then either (1) administratively appeal an adverse result if the BOP does not agree that [her] sentence should be modified, or (2) wait for 30 days to pass." United States v. Zukerman, 2020 WL 1659880, *2 (S.D.N.Y. April 3, 2020). *See also* United States v. Raia, 954 F.3d 594 (3d Cir. April 2, 2020); United States v. Smith, 2020 WL 2063417, *2 (N.D.Oh. April 29, 2020) (court held that defendant failed to fully exhaust his administrative remedies with respect to his motion for compassionate release "[b]ecause the Warden explicitly denied his [] request, [defendant] needed to exhaust by appealing the Warden's

decision." (citing 28 C.F.R. §542.15(a); B.O.P. Program Statement 5050.50 §571.63 (citing the Administrative Remedy Program appellate procedure as the proper method of administratively appealing a denied §3582(c)(1)(A)); United States v. Brummett, 2020 WL 1492763, at *1-2 (E.D. Ky. Mar. 27, 2020) (denying request for compassionate release due to COVID-19 for failure to exhaust because inmate did not appeal warden's denial of his request for a reduction in sentence)). Here, Robles has not yet appealed Marler's decision.

Secondly, Robles has not demonstrated that "extraordinary and compelling reasons" warrant a reduction of her sentence despite the fact that she alleges she has hypertension which she claims is a recognized medical condition putting her at a higher risk if she contracts COVID-19, since she does not allege that there are any cases of the virus currently at FDC-Philadelphia. See Zukerman, 2020 WL 1659880, *2 ("in order to be entitled to relief under 18 U.S.C. §3582(c)(1)(A)(i), [defendant] must both meet the exhaustion requirement and demonstrate that 'extraordinary and compelling reasons' warrant a reduction of [her] sentence."); Raia, 954 F.3d at 597 ("The First Step Act empowers criminal defendants to request compassionate release for 'extraordinary and compelling reasons'" after the defendant exhausts administrative remedies with the BOP.) (citing 18 U.S.C

§3582(c)(1)(A)(i)). The Third Circuit in <u>Raia</u>, *id*., also held that defendant's failure to comply with §3582(c)(1)(A)'s exhaustion requirement "presents a glaring roadblock foreclosing compassionate release at this point."

Further, Robles does not demonstrate any "catastrophic health consequences" to make exhaustion futile or show that she could be unduly prejudiced if she had to wait to exhaust her administrative remedies with the BOP. *See* <u>Zukerman</u>, 2020 WL 1659880, *3. Rather, she appears to speculate that she may be exposed to COVID-19 if someone at FDC-Philadelphia contracts the virus in the future.

As the Third Circuit in <u>Raia</u>, 954 F.3d at 597, explained, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." (citation omitted). *See also* <u>Feiling</u>, 2020 WL 1821457, *5 ("the Court agree[d] with the Third Circuit [in <u>Raia</u>] and the district courts cited [in its decision] and will join them in holding that the mere existence of COVID-19 among the prison population and an inmate's susceptibility to it do not justify waiver of the administrative exhaustion requirement under §3582(c)(1)(A).") (string citations omitted of several cases finding that since defendant failed to exhaust the

administrative remedies with BOP, the Court does not possess authority to grant relief under §3582(c)(1)(A)(i), even if based on COVID-19, and that §3582(c)(1)(A) provided no authority to waive the exhaustion requirement); Smith, supra (same).

Moreover, the Third Circuit in Raia, 954 F.3d at 597, stated, "[g]iven BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with §3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance." See also Feiling, 2020 WL 1821457, *7 ("Because Defendant has failed to exhaust administrative remedies under §3582(c)(1)(A), the Court lacks authority to grant a sentence modification under that provision.").

Additionally, insofar as Robles can be construed as relying on the CARES Act, which was signed into law on March 27, 2020, as the basis for her release to home confinement, such reliance is misplaced.

As the court in United States v. Sawicz, 2020 WL 1815851, *1 (E.D.N.Y. April 10, 2020), recently explained:

> [The] CARES Act expanded the maximum amount of time that a prisoner may spend in home confinement: "if the Attorney General finds that emergency conditions will materially affect the functioning of the [BOP], the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement ...." CARES Act §12003(b), Pub. L. No. 116-136, 134 Stat. 281 (2020). Attorney General William Barr made the requisite "finding that emergency conditions are materially affecting the

functioning of the Bureau of Prisons" on April 3, 2020, thereby triggering the BOP's authority to expand the amount of time that a prisoner may spend in home confinement.

The determination of which inmates qualify for home confinement under the CARES Act is with the BOP Director. *See* <u>United States v. Doshi</u>, 2020 WL 1527186, *1 (E.D.Mi. March 31, 2020) (The CARES Act "temporarily permits the Attorney General to 'lengthen the maximum amount of time for which [it] is authorized to place a prisoner in home confinement' under §3624(c)(2)", and "the authority to make this determination is squarely allocated to the Attorney General, under whose authority is the Bureau of Prisons."). In fact, the CARES Act "does not mandate home confinement for any class of inmate." <u>Valenta v. Ortiz</u>, 2020 WL 1814825, *1 (D.N.J. April 9, 2020).

While the BOP has the authority to make this determination, *sua sponte,* under the CARES Act, <u>Feiling</u>, 2020 WL 1821457, *6, Robles has not indicated that she has requested a transfer to home confinement to the warden at FDC-Philadelphia pursuant to the CARES Act. Nor does she demonstrate that she is a vulnerable inmate who the BOP Director should consider for home confinement under the Act. Thus, Robles does not claim to be part of the "cohort of inmates who can be considered for home release" under the CARES Act which includes "all at-risk inmates" at facilities "where

[the BOP] determine[s] that COVID-19 is materially affecting operations." *Id.* (citing Mem. from Att'y Gen. to Dir., BOP (Apr. 3, 2020)).

In short, the court agrees with my colleagues in this district who, to date, have unanimously concluded that emergency petitions for release, based on COVID19 are properly construed pursuant to 28 U.S.C. §2241. (In addition to <u>Camacho Lopez</u> and <u>Verma</u>, *see also* <u>Brown v. U.S. Dept of Homeland Security</u>, 3:20-cv-119; <u>Umarbaev v. Warden</u>, 1:20-cv-413; Saillant, supra; and <u>Thakker v. Doll</u>, 1:20-cv-480.) I agree with my colleague's well reasoned analysis and join in their conclusion that 28 U.S.C §2241 is the proper vehicle to proceed. Therefore, the court finds that Robles's motion should be construed as a §2241 habeas petition since she seeks relief affecting how her sentence is executed, i.e., serving her sentence in home confinement as opposed to confinement in prison to which she was sentenced. *See* <u>United States v. Serfass</u>, 2020 WL 1874126 (M.D.Pa. April 15, 2020).

A petitioner may seek §2241 relief only in the district in which she is in custody. <u>United States v. Figueroa</u>, 349 F. App'x 727, 730 (3d Cir. 2009). This Court has no jurisdiction over Robles's habeas claims as she is not detained within this district at the time of the filing of her motion. As such, Robles must file her §2241 habeas petition in the U.S. District Court for the

Eastern District of Pennsylvania since she is confined in prison in that district. Pursuant to 28 U.S.C. §2243, "[t]he writ, or order to show cause shall be directed to the person having custody of the person detained. These provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge." <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 434 (2004). Thus, for purposes of a habeas action, the petitioner's custodian is the warden of the institution holding the petitioner. <u>Id.</u> at 442. In the instant case, the only appropriate respondent is Warden Marler of FDC-Philadelphia, where Robles is currently confined.

In light of the foregoing, the court will direct the clerk of court to docket Robles's Doc. 338 motion as an emergency §2241 habeas petition and to assign it a separate civil number. The court will then direct the clerk of court to transfer Robles's habeas petition to the U.S. District Court for the Eastern District of Pennsylvania.

Finally, based on the above discussion, Robles's letter motion to the court seeking the appointment of counsel with respect to her motion, (Doc. 338 at 17), will be denied.

### III.  <u>Conclusion</u>

Robles's Motion for Immediate Release to Home Confinement, **(Doc. 338)**, is construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, and the clerk of court will be directed to docket Robles's Doc. 338 motion as an emergency §2241 habeas petition and to assign it a civil number. The clerk of court will then be directed to transfer Robles's §2241 habeas petition to the U.S. District Court for the Eastern District of Pennsylvania as the proper jurisdictional court. An appropriate order shall be issued.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: May 8, 2020**
17-343-001